**GORDON SEL–WAY, INC.,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

**No. 97–CV–70391.**

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 28, 1997.

Stuart J. Snider, John S. Regan, Fitzgerald & Dakmak, Detroit, MI, for Plaintiff.

Doris D. Doles, U.S. Dept. of Justice, Tax Division, Washington, DC, for Defendant.

**ORDER**

DeMASCIO, District Judge.

This case is before the court on plaintiff's appeal of the Bankruptcy Court's decision not to subordinate the United States' nonpecuniary tax penalties. We have jurisdiction

to hear this bankruptcy appeal pursuant to 28 U.S.C. § 158(a).

Plaintiff, debtor, filed a complaint for equitable subordination seeking to subordinate the government's claim for pre and post-petition tax penalties and interest to the claims of its general unsecured creditors. The Bankruptcy Court initially allowed plaintiff's equitable subordination claim pursuant to *In Re First Truck Lines, Inc.*, 48 F.3d 210 (6th Cir.1995). Defendant appealed this decision to this court. While defendant's appeal was pending the United States Supreme Court in *United States v. Noland*, 517 U.S. 535, 116 S.Ct. 1524, 134 L.Ed.2d 748 (1996), reversed the Sixth Circuit decision in *In Re First Truck Lines Inc.* We then remanded this case back to the Bankruptcy Court in light of the Court's decision in Noland to determine the appropriateness of its prior ruling. On remand, the bankruptcy court held that: (1) a finding of creditor misconduct is not necessary for equitable subordination; and (2) that the inequities of disparate treatment between creditors is not to be considered under equitable subordination. The bankruptcy court granted defendant's motion for summary judgment. We must determine whether the Bankruptcy Judge properly applied the Supreme Court's ruling in Noland.

The issue before the Supreme Court in *Noland* was whether the government's claim for a post-petition, noncompensatory tax penalty, absent misconduct on the part of the government, should be subject to equitable subordination. The Court in *Noland* held that "the bankruptcy court may not equitably subordinate claims on a categorical basis in derogation of Congress's scheme of priorities." *Id.* at 535, 116 S.Ct. at 1525. Prior to reaching the Supreme Court, the Bankruptcy Court in Noland held that non-pecuniary penalties were administrative expenses, however it determined that they were subject to equitable subordination pursuant to 11 U.S.C. § 510(c). The Bankruptcy Court relied upon § 510(c) which provides that "the court may ... under principles of equitable subordination, subordinate for purposes of distribution all or part of an allowed claim..." The Bankruptcy Court, applying

equitable subordination, weighed the competing equities, and subordinated the government's tax penalties to the claims of the unsecured creditors. *Noland*, 517 U.S. at 537–39, 116 S.Ct. at 1526. The Bankruptcy Court's decision was affirmed by both the District Court and the Sixth Circuit Court of Appeals.

In looking at the history of equitable subordination the Supreme Court paid close attention to *In re Mobile Steel Co.*, 563 F.2d 692 (5th Cir.1977). In *In re Mobile*, the Fifth Circuit noted that equitable subordination was typically triggered by creditor misconduct. Additionally, the misconduct must have " 'resulted in injury to the creditors of the bankrupt or conferred an unfair advantage on the claimant,' and that the subordination 'not be inconsistent with the provisions of the Bankruptcy Act.' " *Noland*, 517 U.S. at 538–39, 116 S.Ct. at 1526 citing *In re Mobile*, 563 F.2d at 700. In determining that the subordination be consistent with the Bankruptcy Act, the Court relied upon the fact that "[a] bankruptcy court ... although it is a court of equity, is not free to adjust the legally valid claim of an innocent party who asserts the claim in good faith merely because the court perceives that the result is inequitable." *Id.* citing DeNatale & Abram, *The Doctrine of Equitable Subordination as Applied to Nonmanagement Creditors*, 40 BUS.LAW. 417, 428 (1985).

Next, the Court examined the congressional intent behind equitable subordination, and determined that Congress intended the courts to have some leeway to develop equitable subordination when "justified by particular facts." *Id.* at 540, 116 S.Ct. at 1527. "But if the provision also authorized a court to conclude on a general, categorical level that tax penalties should not be treated as administrative expenses to be paid first, it would empower a court to modify the operation of the priority statute at the same level at which Congress operated when it made its characteristically general judgment to establish the hierarchy of claims in the first place." *Id.* The Court noted that the court of appeals' subordination of the government's nonpecuniary tax penalties would lead to the subordination of every tax penalty due to the

**223**

equities involved, and found that the court of appeals' decision ran in direct opposition to "Congress's policy judgment that a postpetition tax penalty should receive [the] priority of an administrative expense, . . ." *Id.* at 541, 116 S.Ct. at 1527–28. The Court did not decide whether creditor misconduct must always be found to support equitable subordination. However, "the circumstances that prompt a court to order equitable subordination must not occur at the level of policy choice at which Congress itself operated in drafting the Bankruptcy Code." *Id.* Congress has accorded noncompensatory tax penalties first priority, and a Bankruptcy Court may not categorically set new priorities through equitable subordination.

Nevertheless, the decision in *Noland* did not completely overrule the Sixth Circuit's decision in *In re First Truck Lines, Inc.,* 48 F.3d at 218. *In re First* held that creditor misconduct is not necessarily required for equitable subordination. Creditor misconduct is to be determined on a case-by-case basis, focusing on fairness to all of the creditors involved. Therefore, we find that the Bankruptcy Court ruled correctly when it did not subordinate defendants nonpecuniary penalties to the interests of plaintiff's unsecured general creditors.

Plaintiff argues that the Bankruptcy Court's decision not to apply equitable subordination destroys the statutory scheme of equitable subordination. According to plaintiff, once a claim is categorized as a nonpecuniary tax penalty it can never be subject for equitable subordination. This argument is completely inapposite to the Supreme Court's decision in *Noland,* where the Court determined that the Sixth Circuit's subordination of a tax penalty would inevitably lead to all tax penalties being subordinated.

■ We are to look at equitable subordination on a case-by-case basis. The Bankruptcy Court determined that there was no creditor misconduct on the part of the government. While equitable subordination does not require creditor misconduct, plaintiff has supplied no evidence to support its contention that we should apply equitable subordination. The mere inequities that the Bankruptcy Code priority schedule produces is not enough for a bankruptcy court to apply equitable subordination.

■ Additionally, we do not find any flaws in the Bankruptcy Court's analysis. Absent creditor misconduct it is difficult to apply equitable subordination. A bankruptcy court "is not free to adjust the legally valid claim of an innocent party who asserts the claim in good faith merely because the court perceives that the result is inequitable." *Noland,* 517 U.S. at 539, 116 S.Ct. at 1526. The government acted in good faith and without misconduct. To allow the government's claim to be subordinated based on a disparate treatment argument would violate the intention of Congress.

If Congress had wanted government tax penalty claims to be subordinated to the claims of general unsecured creditors it would have specifically said so, and would not have left it subject to possible equitable subordination. Bankruptcy is inherently inequitable and these disparities are to be expected when a party is an unsecured creditor. A good faith claim by a creditor cannot be equitably subordinated simply because of the inequities involved. *Noland,* 517 U.S. at 537–39, 116 S.Ct. at 1526. Based on the Supreme Court's holding in *Noland,* the Bankruptcy Court's decision is affirmed.

**IT IS SO ORDERED.**